UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
JAN 05 2006
CLERK

| | | |
|---|---|---|
| JACK HAMMONDS, | ) | CIV. 04-5055-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER REGARDING |
| | ) | MOTION TO COMPEL |
| HARTFORD FIRE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NATURE AND PROCEDURE OF CASE

This case involves plaintiff's receipt of worker's compensation benefits on a policy offered by defendant. Previously, the parties litigated the matter through the South Dakota Department of Labor. In 1993 the parties reached a settlement which was approved by the Department of Labor. During this initial litigation, plaintiff was represented by Gary Jensen, who was a member of the Lynn, Jackson, Shultz & Lebrun law firm at the time. Jensen later left this firm and joined the Beardsley, Jensen & Von Wald law firm. The Beardsley, Jensen & Von Wald firm currently represents plaintiff.

In 2000 Steve Oberg, who worked with Jensen in the Lynn, Jackson, Shultz, & Lebrun firm, began to represent plaintiff. At some point a disagreement between the parties arose and they once again prepared to litigate before the Department of Labor. In 2003 the parties reached a settlement agreement. Plaintiff then commenced this action July 2, 2004, alleging a variety of claims including bad faith, arising out of defendant's handling of plaintiff's worker's compensation claim.

One of the major issues throughout discovery has been whether plaintiff is required to disclose Oberg's file regarding plaintiff's worker's compensation case, which is still pending. On July 18, 2005, defendant served a subpoena seeking to depose Oberg and to review Oberg's file. Plaintiff had previously designated Oberg as an expert, although he was not retained, to testify at trial regarding what he witnessed during his representation of plaintiff in the underlying matter. Plaintiff filed a motion to quash the subpoena duces tecum. In an Order dated August 22, 2005, this Court determined that plaintiff had listed Oberg as an expert witness and, therefore, had waived any privilege that may have protected the materials sought by defendant. Plaintiff was ordered to produce a privilege log in accordance with Fed. R. Civ. P. 26(b). Plaintiff did not comply with the rule or with the Court's Order to comply with the rule. Rather, plaintiff amended his disclosure of expert witnesses. The amended disclosure now states, "Mr. Oberg will testify as a fact witness in this case" and requested the Court to reconsider its previous Order. In an Order dated December 7, 2005, the Court denied the motion for reconsideration and ordered plaintiff to disclose the privilege log pursuant to Fed. R. Civ. P. 26(b). Defendant now moves the Court to compel the disclosure of Oberg's file on the grounds that plaintiff, while testifying in a deposition, revealed a significant part of the privileged communication between himself and Oberg.

## DISCUSSION

In its Order dated August 22, 2005, this Court determined that plaintiff had waived the attorney-client privilege and work-product privilege by designating Oberg as an expert witness. See United States v. Nobles, 422 U.S. 225, 239-40, 95 S. Ct. 2160, 2170-71, 45 L. Ed. 2d 141 (1975). Plaintiff's amendment of the expert witness list does nothing to

alleviate this waiver as Oberg remains on the expert witness list despite a disclaimer that he will testify only as a fact witness. Thus, the Court maintains that plaintiff has waived any claims of privilege as a result of this designation. In reaching this conclusion, the Court does not address whether plaintiff waived any claim of privilege based upon his testimony at the deposition. Accordingly, it is hereby

ORDERED that defendant's motion to compel (Docket #54) is granted.

IT IS FURTHER ORDERED that plaintiff has five business days from the date of this Order to disclose Oberg's file to defendant.

Dated this 4th day of January, 2006.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE